IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-03107-BNB

MIKEAL GLENN STINE,

　　　Applicant,

v.

D. BERKEBILE, Warden ADX,

　　　Respondent.

---

## ORDER OF DISMISSAL

---

　　　Applicant, Mikeal Glenn Stine, is in the custody of the United States Bureau of

Prisons (BOP) and currently is incarcerated at ADX in Florence, Colorado.  Applicant,

acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241, ECF No. 1.  On November 18, 2013, Magistrate Judge

Boyd N. Boland entered an order and directed Applicant to cure certain deficiencies.

Specifically, Magistrate Judge Boland directed Applicant either to pay the $5.00 filing

fee or in the alternative to submit a request to proceed pursuant to 28 U.S.C. § 1915 on

a proper form along with a certified account statement showing the current balance in

Applicant's trust fund account.

　　　Magistrate Judge Boland warned Applicant that the action would be dismissed

without further notice if he failed to cure the deficiencies within thirty days.  The account

statement Applicant submitted is not current.  It is dated almost two weeks prior to when

Applicant signed the Application.  Applicant has failed to comply with the November 18,

2013 Order within the time allowed.  The action, therefore, is subject to dismissal for

failure to cure.

Nonetheless, I will address the merits of Applicant's claims; his Motion to Recuse, ECF No. 8; and his Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 5. I will refrain, however, from imposing the filing restrictions imposed against Applicant in *Stine v. Berkebile*, No. 13-cv-02997-LTB, ECF No. 4 (D. Colo. Nov. 5, 2013), because the restrictions were imposed on December 3, 2013, after Applicant filed this action.

First, I will address the Motion for Recusal. Pursuant to 28 U.S.C. § 455(a) states that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The general purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the "appearance of impropriety." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). "W]hat matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). Under § 455(a), "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993). "The decision to recuse is committed to the sound discretion of the district court." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (citation omitted).

"The provisions of 28 U.S.C. § 455(a) do not command automatic disqualification of a judge, to the contrary, it is the duty of the judge who is allegedly biased to pass on the sufficiency of the allegations." *See David v. City & County of Denver*, 837 F. Supp. 1094, 1095 (D. Colo. 1993). A judge has an obligation not to disqualify himself unnecessarily. *See Cooley*, 1 F.3d at 994; *David*, 837 F. Supp. at 1095. A judge is

2

obligated not to recuse when there is no occasion for him to do, just as he is  obligated

to recuse when there is occasion to do so.  *See Nichols v. Alley*, 71 F.3d 347, 351 (10th

Cir. 1995); *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).  If, however,

disqualification under § 455(a) is a close question, the balance tips in favor of recusal.

*See Nichols*, 71 F.3d at 352.

Under § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or

lack of partiality are not the issue; rather, the issue is whether a reasonable person,

knowing all of the relevant facts, would harbor doubts about the judge's impartiality.

*Id.* at 351; *Cooley*, 1 F.3d at 993.  The standard is purely objective and the inquiry is

limited to outward manifestations and reasonable inferences drawn therefrom.  *See*

*Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

In applying the objective test, "the initial inquiry is whether a reasonable *factual*

basis exists for calling the judge's impartiality into question."  *Cooley*, 1 F.3d at 993.

Application of § 455(a) necessarily includes emphasis on whether a judge's impartiality

might "reasonably" be questioned.  *Id.*  Section 455(a) is not to be construed so broadly

that recusal would be mandated "upon the merest unsubstantiated suggestion of

personal bias or prejudice."  *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986)

(citing *United States v. Hines*, 696 F.2d 722, 729 (10th Cir. 1982)).  Section 455(a)

should not be read to warrant the transformation of a litigant's fear that a judge may

decide a question against him into a "reasonable fear" that the judge will not be

impartial.  *See Cooley*, 1 F.3d at 993.  The statute is not intended to give litigants a veto

power over sitting judges, or a vehicle for obtaining a judge of their choice.  *See*

*Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

Applicant requests that I recuse myself because on several occasions I have

denied his request to proceed in a prisoner complaint for failure to comply with the filing restrictions stated in *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM, ECF No. 344 (D. Colo. Sept. 1, 2009), and I now, in *Stine v. Berkebile*, No. 13-cv-02997-LTB, ECF No. 13 (D. Colo. Nov. 5, 2013), entered an order sanctioning him from asserting conditions of confinement claims in a 28 U.S.C. § 2241 action in an attempt to circumvent his filing restrictions.  Applicant's motion for my recusal is insufficient because it fails to show personal bias or prejudice.  The recusal claim is based only on Applicant's disagreement with my decisions to deny his requests to proceed in civil actions in this Court, including both prisoner complaints and § 2241 actions.  Applicant's assertions are unsubstantiated suggestions of personal bias or prejudice and lack any basis for a mandate of recusal.  Therefore, Applicant's request for recusal will be denied.

Next, I will address the claims stated in this action and the related requests for injunctive relief in ECF No. 5.  Applicant claims this action is properly brought pursuant to 28 U.S.C. § 2241 because the sentencing court in the United States District Court for the Southern District of Texas, in Case Nos. 03-cr-00044-2 and 04-cr-00020, stated in the judgment and sentencing orders that Applicant shall not be housed near or by members and associates of the Aryan Brotherhood, Dirty White Boys, Nazi Low Riders, Mexican Mafia, and Skin Heads.

The Tenth Circuit has confirmed that a conditions of confinement claim filed by a prisoner in this Circuit must be filed through a civil rights action.  *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) (citing *McIntosh v. U.S. Parole Com'n*, 115 F.3d 809 (10th Cir. 1997); *Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011)).

4

Applicant does not contest the legality of his conviction, the fact or length of his sentence, and the relief he requests, to be placed in a nonpunitive unit or a state facility, does not alter his sentence or undo his conviction. *See Palma-Salazer*, 677 F.3d at 1035. I also have reviewed the judgment and disposition in each of the two criminal cases Applicant refers to in the Application. *See United States v. Stine*, No. 03-cr-00044-2 (S.D. Tex. Apr. 30, 2004); *see also United States v. Stine*, No. 04-cr-00020-1 (S.D. Tex. Apr. 30, 2004). There is no statement by the sentencing court in the disposition of either case that Applicant shall not be housed near or by members and associates of the Aryan Brotherhood, Dirty White Boys, Nazi Low Riders, Mexican Mafia, and Skin Heads. *Id.*

In Applicant's most recent case, *Stine v. Berkebile, et al.*, No. 13-cv-03473-, he has attached two documents that address safety issues regarding his BOP placement. The first document is a transcript of his sentencing and supervised release hearing in Case Nos. 03-cr-000-44 and 04-cr-00020. *See Stine v. Berkebile, et al.*, No. 13-cv-03474-LTB, ECF No. 1-1 at 17-20 (D. Colo. Jan. 1, 2014). The discussion between the court and counsel in this transcript indicates that the sentencing court ordered the presentence report to include information that Applicant was a member of the Aryan Brotherhood, that he currently denies membership, and that he was injured as a result of attempting to withdraw his membership. *Id.* at 20. The sentencing court stated the information was relevant for the BOP to protect Applicant. *Id.* Nothing in this transcript indicates that the sentence includes a directive about Applicant's placement.

The second document is a letter from a district judge in the United States District Court for the District of Arizona to a BOP staff member at the prison facility where Applicant is housed. *Id.* at 21-22. The district judge writing the letter was not the

5

sentencing judge in Applicant's criminal cases in the Southern District of Texas. Furthermore, the letter includes a request that the BOP accommodate Applicant's safety needs, but acknowledges that the BOP's designation for Applicant's placement is entirely within the BOP's discretion. *Id.*

Finally, Applicant has raised the gang issue and his placement in several previous prisoner complaints, filed pursuant to *Bivens*, but he never asserted that his sentence included a restriction on his placement. *See Stine v. Fed. Bureau of Prisons, et al.*, No.12-cv-01504-WJM, ECF No. 1-1 at 53 (D. Colo. Aug. 10, 2012), *aff'd*, No. 12-1319 (10th Cir. Jan. 8, 2013); *Stine v. Fed. Bureau of Prisons, et al.*, No. 10-cv-01652-ZLW (D. Colo. Aug. 17, 2010) (refers to same sentencing court transcript as he does in Case No. 13-cv-03474-BNB), *appeal dismissed*, No. 10-1392 (10th Cir. Oct. 1, 2010); *Stine v. Davis, et al.*, No. 10-cv-00751-ZLW, ECF No. 8 at 3-4 (D. Colo. Apr. 20, 2010), *appeal dismissed*, No. 10-1190 (10th Cir. June 4, 2010); *Stine v. Lappin, et al.*, No. 07-cv-01839-WYD-KLM (D. Colo. Sept. 1, 2009), *appeal dismissed,* No. 12-1172 (10th Cir. May 31, 2012).

Applicant's challenge to his placement is a thinly veiled conditions of confinement claim that must be raised in a civil rights action pursuant to 28 U.S.C. § 1331. Applicant may not circumvent his filing restrictions by attempting to raise conditions of confinement claims in a § 2241 action. The action, therefore, will be dismissed.

I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed.

R. App. P. 24.  Accordingly, it is

ORDERED that the Motion to Recuse, ECF No. 8, is denied.  It is

FURTHER ORDERED that the Application is denied and the action is dismissed with prejudice.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this __8th__ day of _____January_____, 2014.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court